UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:                                                  Case No. 11-11434

    Eagle Bridge Machine & Tool, Inc.,                Chapter 11

           Debtor.

---

### DEBTOR'S MOTION FOR ORDERS: (I)(1) APPROVING FORM OF REAL ESTATE CONTRACT WITH HFP & B HOLDINGS, LLC FOR THE REAL PROPERTY OF DEBTOR; (2) APPROVING BIDDING PROCEDURES AND FORM, MANNER AND SUFFICIENCY OF NOTICE; AND (3) SCHEDULING (a) AN AUCTION SALE AND (b) A HEARING TO CONSIDER APPROVING THE HIGHEST AND BEST OFFER; (II) AUTHORIZING THE SALE OF THE REAL PROPERTY; (III) AUTHORIZING DEBTOR TO CONSUMMATE ALL TRANSACTIONS RELATED TO THE ABOVE; AND (IV) GRANTING OTHER RELIEF

Debtor, by and through its undersigned attorneys, hereby submits this Motion (the "Motion") for entry of orders pursuant to Bankruptcy Code §§105(a), 363 and 365 of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of (i) a procedures order (the "Bidding Procedures Order"), inter alia, (a) approving certain bidding procedures (the "Bidding Procedures") and scheduling a competitive auction (the "Auction") in connection with the sale of Debtor's ownership interest in real estate known as 135 State Route 67, Eagle Bridge, New York by and between Debtor and HFP & B Holdings, LLC (the "Real Estate Contract") (the "Real Property"); (b) authorizing Debtor to enter into the Real Estate Contract with HFP & B Holdings, LLC (the "Realty Buyer") in connection therewith; (c) authorizing Debtor to offer certain bid protections to the Realty Buyer; (d) scheduling a sale hearing (the "Sale Hearing") to consider entry of an order approving the sale of the Real Property (the "Sale"), and approving the form and manner of the notice of the Sale Hearing (the "Sale Notice") (the relief requested in Items (i) (a), (c) and (d) is referred to herein as the "Initial Relief"), and (ii) an approval order (the "Approval Order"), (1) authorizing and approving the Real

Estate Contract with the Realty Buyer or such other entity or person providing a higher or otherwise better offer for the Real Property, as approved by this Court at the Sale Hearing, (2) authorizing the Sale, (3) authorizing Debtor to consummate all transactions related to the above, and (4) granting other relief.

In support of the relief requested herein, Debtor respectfully represents as follows:

## FACTUAL BACKGROUND

1.     As described more particularly in Debtor's Motion for orders: (I)(1) approving form of "Stalking Horse" asset purchase agreement with Strato Transit Components, LLC (the "Business Buyer") for the sale of substantially all assets of Debtor (the "Asset Sale"); (2) approving bidding procedures and form, manner and sufficiency of notice; and (3) scheduling (a) an auction sale, and (b) a hearing to consider approving the highest and best offer; (II) authorizing the sale of such assets, free and clear of all liens, encumbrances and other interests; (III) authorizing Debtor to consummate all transactions related to the above; and (IV) granting other relief, filed with this Court on even date herewith (the "Asset Sale Motion") and as further below, Debtor commenced this case following the lengthy period in which it experienced a significant decline in its business and proved unable to achieve an internal restructuring of its finances and operations.  Based on the condition of Debtor, it has a severely limited amount of time and funding within which it may attempt to sell Debtor's business as a going concern in order to maximize the value thereof.

2.     The approval of the Asset Sale to the Business Buyer in connection with the relief requested in the Asset Sale Motion represents Debtor's only opportunity for a going concern sale of Debtor's business.  However, as noted below, the Business Buyer requires adequate assurances that it will have a secure leasehold interest at the Real Property. Debtor, in its current financial condition and given the pending Asset Sale, cannot continue to make payments with respect to the debt service on the Real Property.  Therefore, the Sale of the Real Property to the Realty Buyer is the only current avenue for the Business

Buyer to be assured that title to the Real Property will be secured by its landlord following the Asset Sale.

3.      Furthermore, Debtor's primary secured creditor, People's Bank, has reached an agreement in principle with Debtor pursuant to that certain cash collateral agreement dated April 28, 2011 (the "Cash Collateral Agreement") regarding both: (a) the distribution of the net proceeds of the Asset Sale, which distribution provides that the secured claim of People's Bank shall be discounted for the benefit of the estate and its creditors, and (b) the disposition of the Real Property as set forth in this Motion.

4.      Moreover, Debtor is concerned that given its well documented and on-going financial difficulties that precipitated the filing of this case, any delay in consummating the Sale of the Real Property in an expedited manner will thwart Debtor's efforts to maximize the value realized in connection with the Asset Sale.

5.      Based on the foregoing, the Sale is in the best interests of Debtor's estate and its creditors and represents a sound exercise of its business judgment to maximize the value realized in connection with the Asset Sale and hereby requests that this Court grant its approval thereof, as well as the other relief requested herein.

## JURISDICTION

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Venue of this case and this Motion in this Court is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The statutory predicate for the relief requested herein are Bankruptcy Code §§ 105(a), 363 and 365 and Bankruptcy Rules 2002, 6004, 6006 and 9014.

# INTRODUCTION

7.    On May 4, 2011 (the "Petition Date"), Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

8.    Debtor continues to manage its properties and operate its business as a debtor-in-possession pursuant to Bankruptcy Code §§1107 and 1108. No trustee or examiner has been appointed in this case, nor has any official committee of unsecured creditors been appointed in this case.

9.    Debtor is a precision, production machining business based in Eagle Bridge, New York. The company specializes in machining medium sized to heavy metal castings used in a variety of industries, including mass transportation rail trains and cars, defense, oil and gas drilling and other commercial markets.

10.    As noted above, Debtor experienced a significant decline in its business in 2010 and proved unable to achieve an internal restructuring of its finances and operations.

# SUMMARY OF RELIEF REQUESTED

11.    Pursuant to Bankruptcy Code §§105, 363 and 365 and Bankruptcy Rules 202, 604 and 606, Debtor hereby seeks entry of the following orders: (a) in order, substantially in the form annexed hereto as Exhibit A (the "Bidding Procedures Order") granting the Initial Relief, including, among other things: (i) authorizing the Debtor to enter into the Real Estate Contract with HFP & B Holdings, LLC, as Realty Buyer, in the form annexed hereto as Exhibit B, for the Real Property; (ii) authorizing and approving certain bidding protections and setting deadlines, requirements and other procedures for the Sale and Auction process in the form annexed hereto as Exhibit C (collectively, and as more fully set forth therein, the "Bidding Procedures"); (iii) scheduling (A) the Auction for the Real Property to be held prior to the Sale Hearing; and (B) the Sale Hearing; (iv) establishing the

relevant objection deadline; and (v) approving the form and manner of notice of the Sale, the Auction and the Sale Hearing, among other things; and (b) an order, substantially in the form annexed hereto as Exhibit D (the "Approval Order"), among other things: (i) authorizing and approving the Real Estate Contract between the Debtor and the Realty Buyer (or such other entity or person submitting a higher or otherwise better offer, and purchaser, as approved by this Court at the Sale Hearing); (ii) authorizing and approving the Sale of the Real Property pursuant to the Real Estate Contract to the Realty Buyer or such other entity or person submitting a higher or otherwise better offer; and (iii) granting other related relief.

## PROPOSED SALE AND RELATED TRANSACTIONS, AND SUPPORT FOR APPROVAL OF THE REQUESTED RELIEF

12.     Debtor operates its business by virtue of its ownership interest in real estate known as 135 State Route 67, Eagle Bridge, New York (the "135 Property") and Debtor's leasehold interest in real estate known as 155 State Route 67, Eagle Bridge, New York (the "155 Property").

13.     Pursuant to the Real Estate Contract, and subject to the terms of the Cash Collateral Agreement, the Realty Buyer has agreed to acquire the 135 Property from Debtor by assuming that certain Mortgage of People's Bank securing the 135 Property dated September 28, 1999 in the principal amount of $502,000.00 (the "Mortgage") and the current balance of the Mortgage which equals approximately $175,000.00 as of the Petition Date.

14.     The Realty Buyer will not be assuming any contracts or liabilities of the Debtor with respect to the Real Property except for the Mortgage and the Interim Lease (as defined herein), if necessary.

15.     The Real Estate Contract may only be terminated by the Realty Buyer if Debtor fails to close on the sale of the Real Property after approval of the Sale to the Realty Buyer.

16.     Pursuant to the Real Estate Contract, the Business Buyer will lease the 135 Property and the 155 Property to continue the business of operations of Debtor at the current facility in Eagle Bridge, New York for a period of two (2) years from the Closing on a triple-net basis with monthly rent in the amount of Three Thousand Five Hundred Dollars ($3,500.00).

17.     To ensure that the Business Buyer has use of the 135 Property following the Closing of the Asset Sale, Debtor will request that this Court authorize Debtor to enter into the Lease Agreement with the Realty Buyer in the form annexed to the Asset Purchase Agreement as Exhibit 10.1(n)(i) (the "Interim Lease") with Debtor substituted as the "Landlord" therein. This will provide the necessary assurances to the Business Buyer that any buyer of the Real Property would take title subject to the lease of the Business Buyer if the Sale is delayed and the Asset Sale closes prior to the Sale of the Real Property.

18.     Some of the principals of the Realty Buyer are also the principals of H&B Holding, LLC, which is the current owner of the 155 Property, and Stanwich Partners, LLC, which currently provides management services to Debtor pursuant to a management agreement more fully described in the Asset Sale Motion. The principals of H&B Holding, LLC and Stanwich Partners, LLC are also shareholders and directors of Debtor.

19.     To determine appropriate value for the Real Property, Debtor engaged Paul Bowers of Prudential Blake-Atlantic Realtors (the "Broker"). After visiting the Real Property and reviewing comparable sales of manufacturing facilities, the Broker determined that an appropriate range of value for the Real Property would be $180,000.00 to $220,000.00 (the Real Property is listed with a value of $200,000.00 in the schedules to Debtor's

Petition). A copy of the Broker's valuation is annexed hereto as Exhibit "E" (the "Broker's Valuation").

20. The current balance of the Mortgage is near the lower range of the value for the Real Property determined by the Broker.

21. However, in addition to the deteriorated real estate market in Eagle Bridge, New York noted in the Broker's Valuation, the lease with the Business Buyer is only for a two (2) year term which does not provide a long-term tenant for the Real Property.

22. It would be highly unlikely that a disinterested third party would risk acquiring the Real Property without a solid rent stream over the terms of the loan. Upon the expiration of the lease with the Business Buyer, the Realty Buyer will have to continue payments of the indebtedness secured by the Mortgage.

23. It is significant to note that People's Bank has only consented to the sale of the Real Property in the form of the assumption of the Mortgage to the Realty Buyer. A disinterested third party would be required to risk either its own capital or exposure associated with new bank financing to acquire the Real Property free and clear of the Mortgage – in addition to the risk associated with the Business Buyer's short-term lease.

24. It is also significant to note that the Business Buyer, while it will have an option to purchase the Real Property pursuant to its lease with the Realty Buyer, has not made any indication that the Business Buyer will exercise the option or even that it will need to utilize the manufacturing facility on a long-term basis.

25. The fact that the Sale and the amount and terms of consideration to be provided by the Realty Buyer will further be put to a market test by virtue of any higher and better offer Debtor may receive at the Auction insures the fairness of the Sale regardless of

whether any shareholders or directors of Debtor ultimately acquire the Real Property from Debtor or enter into leases with the Business Buyer following the consummation of the Sale.

26.    Therefore, Debtor respectfully requests that the Court approve the Interim Lease in connection with the Sale and the Approval Order.

27.    Debtor anticipates that the acquisition of the Real Property or such other entity or person submitting the highest or otherwise best offer at the conclusion of the Auction, will be consistent with the terms of the Cash Collateral Agreement and the Approval Order.

28.    The proposed Approval Order contemplates a finding that the Sale of the Real Property shall be free and clear of all liens (except for the Mortgage and subject to the Interim Lease), and Debtor submits that the Sale satisfies the applicable requirements of Bankruptcy Code §363(f), or otherwise, as being free and clear of any such claims (except for the Mortgage and subject to the Interim Lease), including any claims relating to successor liability.

29.    For the reasons set forth herein, Debtor requests relief from the 14 day stay imposed by Bankruptcy Rule 6004(h).  As noted above, the Asset Purchase Agreement provides that the Business Buyer may terminate the Asset Purchase Agreement if the Closing does not occur on or before June 15, 2011, and therefore, legitimate business reasons justify the Court's approval of an order of the Approval Order which waives the requirement of Bankruptcy Rule 6004(h).

30.    The Realty Buyer has submitted not only the highest and best offer for the Real Property to date, but it has submitted the only offer to date.  Accordingly, Debtor elected to enter into the Real Estate Contract with the Realty Buyer prior to the filing of the Petition, subject to higher and better offers at the Auction and the approval of this Court.

31.    However, Debtor is hopeful that there will be other bidders willing to provide higher and better offers for the Real Property and, therefore, negotiated, to the extent possible, the bidding procedures set forth herein that will expose the Realty Buyer's offer to competing bids (each, a "Competing Bid").  Nonetheless, Debtor believed and continues to believe that the bid of the Realty Buyer embodied in the Real Estate Contract ("Initial Bid") represents the highest and best offer and elected to proceed with its Initial Bid given the value and location of the Real Property, the short term rental stream and the need to expedite the Sale.

32.    The Realty Buyer has consented to subject the Initial Bid to higher and better offers and to participate in the Auction, subject to certain terms and conditions, including provisions, bidding protection in favor of the Realty Buyer (collectively, the "Bidding Protections").

33.    Debtor believes that the Bidding Protections are appropriate under the circumstances balancing the investment made and to be made by the Realty Buyer entering into the Real Estate Contract and Debtor's desire to obtain the highest and best offer for the Sale of the Real Property.

## BIDDING PROCEDURES

34.    In order to evaluate properly Competing Bids and ensure an orderly auction process that serves to maximize the value of the Real Property, Debtor submits that it is necessary to establish certain uniform sale and bidding procedures (including, without limitation, the Bidding Protections set forth above).  Exhibit A hereto sets forth Debtor's proposed Bidding Procedures in detail and the proposed Bidding Procedures Order is set forth on Exhibit C hereto.

**PROPOSED FORM OF NOTICE OF THE MOTION AND SALE**

35.     Debtor requests that this Court schedule a hearing to consider the proposed Bidding Procedures herein for or on about May 10, 2011 (the "Bidding Procedures Hearing"), so that Debtor may proceed with its efforts to sell its business as a going concern in a timely manner subject to securing ownership of the Real Property to satisfy the Business Buyer.

36.     Debtor submits that, under the circumstances, approximately five (5) days is more than sufficient to give all parties-in-interest an opportunity to review and consider the requested Initial Relief, and therefore the parties-in-interest will not be prejudiced were this Court to hold the Bidding Procedures Hearing within the requested timeframe.

37.     To ensure the above, Debtor has served, or will hereinafter serve, a copy of this Motion, including all Exhibits hereto, on: (i) counsel to Debtor, McNamee, Lochner, Titus & Williams, P.C., 677 Broadway, Albany, New York 12207 (Attn: Peter A. Pastore, Esq.); (ii) counsel to People's Bank (Cooper Erving & Savage LLP, 39 North Pearl Street, Albany, New York 12207 (Attn: Michael A. Kornstein, Esq.); (iii) counsel to the Committee, if any; (iv) the Office of the United States Trustee, 74 Chapel Street, Albany, New York 12207 (Attn: Kevin J. Purcell, Esq.); (v) counsel to Realty Buyer, Nolan & Heller, LLP, 39 North Pearl Street, Albany, New York 12207 (attn: Justin J. Heller, Esq.) and (vi) counsel to Business Buyer, Norris, McLaughlin & Marcus, P.A., 721 Route 202-206, Suite 200 (P.O. Box 5933), Bridgewater, New Jersey 08807 (Attn: Mo Bauer, Esq.).

38.     Debtor also submits that its proposed timeframe for the Auction and the Sale Hearing, request to be scheduled for on or before May 31 and June 6 respectively, would give all potential competing bidders ample time to review the Real Property and the Real Estate Contract and to formulate a Competing Bid (and would also provide all parties-in-interest with sufficient time to object to any of the proposed transactions). These dates are also consistent with the Asset Sale Motion which requires that the deadline for the

submission of competing bids be no later than May 25, 2011, that the auction for the sale of Debtor's business be held no later than May 31, 2011 and that this Court enter the approval order for the Asset Sale no later than June 15, 2011.

39.     Debtor also believes that any delay in the sale of the Real Property beyond the proposed period would severely impair its ability to maintain debt payments on the Real Property given that Debtor will be unable to fund ongoing operations into June of 2011.

40.     Additionally, Debtor believes that any extended auction period would serve little or no purpose in this case, given that Debtor has had no reason to believe an offer to purchase the Real Property would be made.  Moreover, Debtor has already spent a great deal of time and expense engaging in active negotiations with the Realty Buyer and the Business Buyer, which Debtor strongly believes will maximize the value of the estate.

41.     Finally, all parties-in-interest will have the opportunity to file objections to the various relief requested in the Motion, despite the fact that the ability of Debtor to sell the Real Property by facilitating the sale of Debtor's Business, will maximize the value of the estate, which is the only avenue for Debtor's estate to yield any proceeds to the parties-in-interest.

42.     Pursuant to Bankruptcy Rule 2002(m), bankruptcy courts are empowered to enter an order "designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."

43.     To ensure that adequate notice of the Sale, the Auction and the Sale Hearing as provided, Debtor would serve the notice of hearing to approve the sale of the Real Property of Debtor in the form annexed hereto as Exhibit F (the "Auction and Hearing Notice") establishing respective dates, times and places of the Auction and Sale Hearing following the entry of the bidding procedures order, by first class mail, postage prepaid, to

(a) all of the parties identified for service of the bidding procedures, and (b) all other parties-in-interest in this case known to Debtor as of the Petition Date.

44.     Debtor shall also advertise the Auction and Sale Hearing on-line as directed by this Court in a manner that is cost effective and will provide a reasonable opportunity for the submission of competing bids to this Court.

45.     Debtor submits that the foregoing notice would constitute good and sufficient notice of the Sale, the Auction, the Sale Hearing, and the transactions set forth in the Real Estate Contract.

46.     Based on the foregoing, Debtor requests that this Court approve the requested dates set forth herein.

## THE PROPOSED SALE IS IN THE BEST INTERESTS
## OF DEBTOR'S ESTATE AND ITS CREDITORS

47.     Debtor believes that the Sale according to the Bidding Procedures and the terms and conditions of the Real Estate Contract will, in connection with the relief requested in the Asset Sale Motion, enable it to obtain the greatest value of its estate, which is in the best interest of Debtor, its creditors and all other parties-in-interest.

A.      STANDARD.

48.     It is well-settled that the paramount goal for any proposed sale of property of a bankruptcy estate is to maximize the proceeds received and that the duty of Debtor with respect to such sale is to obtain the highest price or overall greatest benefit for the estate and the creditors and parties-in-interest thereof.     See Integrated Res., 147 B.R. 650, 659 (S.D.N.Y. 1992)

49.     Bankruptcy Code §363(b) authorizes Debtor to sell Real Property of the estate in the ordinary course of business in conjunction with Bankruptcy Rule 6004.

50.     The 2nd Circuit has held that approval of the proposed sale of property pursuant to Bankruptcy Code §363(b) is appropriate so long as the transaction is consistent with the sound business judgment of Debtor. (See Comm. of Equity Security Holders v. Lionel Corp., (In re Lionel Corp.), 722 F.2d 1063 (2nd Cir. 1983).

51.     Additionally, the 9th Circuit has noted that the Bankruptcy Court should consider the following factors in connection with the proposed transaction: (1) the consideration to be paid, (2) the financial condition and needs of the estate, (3) the qualifications of the buyer, and (4) whether a risk exists that the property to be sold by the estate will decline in value if the property go unsold. (Walter v. Sunwest Bank) (In re Walter), 83 B.R. 14, 19-20 (9th Cir. 1988) (citing In re Lionel, 722 F.2d at 1063).

52.     The sale of the Real Property pursuant to the Real Estate Contract is supported by Debtor's sound business judgment and any ongoing delay in Debtor's ability to consummate the sale of Debtor's business (and the related sale of the Real Property) threatens its ability to sustain business operations and sell Debtor's business as a going concern.

53.     The Sale is supported by Debtor's primary secured lender, People's Bank, pursuant to the Cash Collateral Agreement, which has agreed to the assignment and assumption of the Mortgage by the Realty Buyer.

54.     Again, Debtor is concerned that it cannot sustain the operation of its business into June of 2011, and if the sale of Debtor's business is not consummated, the estate, the creditors and parties-in-interest will potentially yield no benefit or sale proceeds in connection with a bankruptcy of Debtor – particularly given the sums owed to People's

Bank and the very remote possibility that any third party would acquire the Real Property without an existing manufacturing tenant.

55.     The Auction and Debtor's duty to consider higher and better offers will confirm whether Debtor has negotiated the highest and best offer for the Real Property and whether the Sale should move forward. However, as of the date of this Motion, there is no evidence to suggest otherwise and the Real Estate Contract and the filing of the Petition represent the manifestation of Debtor's sound business judgment and its attempt to facilitate the sale of Debtor's business and the related sale of the Real Property yield the maximum value of the estate.

**B.     THE BIDDING PROCEDURES WILL MAXIMIZE THE VALUE OF THE REAL PROPERTY AND DEBTOR'S ESTATE.**

56.     Pursuant to Bankruptcy Rule 6004(f)(1), sales of the Real Property of a debtor outside of the ordinary course may be conducted by private or public auction. Additionally, pursuant to Bankruptcy Rule 2002(a)(2), this Court may, provide shown, shorten or direct another method of notice giving the general 21 day mailing period for the proposed sale of the Real Property of the estate other than in the ordinary course of business, provided the notice of proposed sale includes: (a) the time and place of any public sale, (b) the terms and conditions of any private sale, (c) the time fixed or filing objections, and (d) a sufficient description of the Real Property to be sold. See Bankruptcy Rule 2002(c)(1).

57.     Debtor submits that the notice, procedures and rules set forth in this Motion, as well as the requested dates set for the Bidding Procedures Hearing, the Auction and the Sale Hearing satisfy the timely notice required by the Bankruptcy Rules and Bankruptcy Code §363(b), constitute good and sufficient notice and that no other further notice of the Sale, the Auction, the Sale Hearing or any of the transactions reference in this Motion or the Real Estate Contract is required.

C.    THE SALE WILL BE CONSUMMATED IN GOOD FAITH.

58.    Bankruptcy Code §363(n) provides that

> "the reversal or modification on appeal of an authorization under [Bankruptcy Code §363(b) or (c)] of a sale or lease of property does not affect the validity of the sale or lease under such authorization to an entity that purchased or leased such property in good faith whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal."

59.    The terms of the Real Estate Contract were negotiated at arms length and in good faith between the Realty Buyer and Debtor within the parameters negotiated by Debtor with People's Bank in the Cash Collateral Agreement. As discussed above, the Realty Buyer is affiliated with Debtor but the need for expediency of the Sale required that Debtor readily locate a buyer for the Real Property. Also, Debtor has fully disclosed and requested that this Court approve the terms and conditions of the Sale pursuant to the Real Estate Contract and shall provide notice as set forth herein and as directed by this Court.

60.    Debtor and the Realty Buyer each were represented by separate experienced professionals helping to ensure that the Sale process has been fair to date and that the Real Estate Contract was entered into at arms length and in good faith.

61.    Therefore, Debtor requests that this Court determine that the Realty Buyer has negotiated and acted at all times in good faith and, as a result, be entitled to the protection afforded to a good faith purchaser under Bankruptcy Code §363(n).

D.   THE   PROPOSED   SALE   SATISFIES   THE   REQUIREMENTS   OF
BANKRUPTCY CODE §363(f).

62.     In order to facilitate the Sale of the Real Property, Debtor has obtained the
consent of People's Bank pursuant to the Cash Collateral Agreement for the transfer of the
Real Property to the Realty Buyer subject to the Mortgage and the Interim Lease, if
necessary.

63.     Therefore, Debtor requests authorization of this Court to sell all of the Real
Property free and clear of any all liens (except for the Mortgage and subject to the Interim
Lease) which may be asserted (including any claims for successor liability).

64.     In accordance with Bankruptcy Code §363(f), a debtor may sell Real Property
of the estate pursuant to Bankruptcy Code §363(b) "free and clear of any interest in such
property of an entity other than the estate" if any one of the following conditions is satisfied:

1.     Applicable non-bankruptcy law permits the sale of such property free
and clear of such interest;

2.     The [lienholder or claimholder] consent;

3.     Such interest is a lien and the price at which such property is to be sold
is greater that the aggregate value of all liens on such property;

4.     such interest is in bona fide dispute; or

5.     [the lienholder or claimholder] could be compelled, in a legal or
equitable proceeding, to accept a money satisfaction of such interest.

See Folger Adam Sec. Inc. v. De Matties/McGregor JV, 209 F.3d 252, 257 (3rd Cir. 2000).

65.     Based on the Cash Collateral Agreement, the relevant lienholder (i.e. People's Bank) has consented to the Sale of the Real Property pursuant to the terms of the Real Estate Contract and, therefore, the terms and conditions of Bankruptcy Code §363(b) have been satisfied.

66.     Debtor strongly believes that the Sale provides the most effective, efficient and time-sensitive approach to realizing proceeds for among other things, significant repayment of the amounts due People's Bank.

67.     Based on the foregoing, Debtor submits that at least one (if not more) of the subsections of Bankruptcy Code §363(f) will be satisfied here, and this Court should approve the Sale of the Real Property free and clear of any and all liens and encumbrances (except for the Mortgage and subject to the Interim Lease).

E.      CAUSE EXISTS TO APPROVE THE BIDDING PROTECTIONS.

68.     Debtor has employed the Bidding Protections in order to encourage bids for the acquisition of the Real Property at the highest and best price.

69.     The Realty Buyer has to date made the highest definitive offer for the Real Property.

70.     Based upon the foregoing and the Asset Sale Motion, the Bidding Procedures (and the Bidding Protections therein) should be approved by this Court.

## REQUEST FOR RELIEF UNDER BANKRUPCTY RULE 6004(h) AND 6006(d)

71.     Bankruptcy Rule 6004(h) provides, in substance, that an order authorizing the sale of a debtor's property is stayed for a period of 14 days after entry of the order unless the court orders otherwise.

72.     The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented, which has been interpreted by the courts to permit the period for the stay to be reduced to the amount of time actually necessary to file such an appeal.

73.     As noted throughout this Motion, time is of the essence with respect to Debtor's ability to consummate the sale of its business which means that the estate is at significant risk of losing value without prompt approval of the Real Estate Contract and an expedited closing of the Sale.

74.     These time periods are further informed by the ability of the Business Buyer to terminate its obligation to acquire Debtor's business if the Closing does not occur by the close of business on June 15, 2011.

75.     Therefore, an expeditious closing of the Sale is of critical importance and Debtor requests that this Court waive the 14 day stay period under Bankruptcy Rule 6004(h) and 6006(d).

## NO PREVIOUS APPLICATION

76.     No previous application for the relief sought herein has been made to this Court or any other court.

77.    **WHEREFORE**, Debtor respectfully requests that this Court enters orders, substantially in the form attached hereto, granting the relief requested herein and as such further relief, as may be just and proper under the circumstances.

Dated:  May 4, 2011                     Respectfully submitted,
        Albany, New York

                                        _____
                                        Peter A. Pastore, Esq.
                                        McNamee, Lochner, Titus & Williams, P.C.
                                        Attorneys for Debtor & Debtor-in-Possession
                                        677 Broadway, Suite 500
                                        Albany, New York 12207
                                        Tel. No. 518-447-3246, Fax No. 518-867-4746

**BIDDING PROCEDURES ORDER**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: | Chapter 11 |
|     EAGLE BRIDGE MACHINE & TOOL, INC., | Case No. _____ |
|                       Debtor. | |

---

**ORDER: (1) APPROVING FORM OF REAL ESTATE CONTRACT WITH HFP &
B HOLDINGS, LLC FOR THE SALE OF THE REAL PROPERTY OF DEBTOR;
(2) APPROVING BIDDING PROCEDURES AND FORM, MANNER AND
SUFFICIENCY OF NOTICE; (3) SCHEDULING (a) AN AUCTION SALE AND (b)
A HEARING TO CONSIDER APPROVING THE HIGHEST AND BEST OFFER;
AND (4) GRANTING RELATED RELIEF**

Upon the motion, dated May 4, 2011(the "Motion")[1] of Eagle Bridge Machine &

Tool, Inc., the debtor and debtor-in-possession in the above-captioned bankruptcy case (the

"Debtor"), pursuant to sections 105(a), 363 and 365 of chapter 11 of title 11 of the United

States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006 and 9014 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of (I) a procedures order

(the "Bidding Procedures Order"), inter alia, (a) approving certain bidding procedures (the

"Bidding Procedures") and scheduling a competitive auction (the "Auction") in connection

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

{M0433387.1}

with the sale of Debtor's ownership interest in real estate known as 135 State Route 67, Eagle Bridge, New York pursuant to the Real Estate Contract; (b) authorizing the Debtor to enter into the Real Estate Contract with HFP & B Holdings, LLC (the "Realty Buyer") in connection therewith; (c) authorizing the Debtor to offer certain bid protections to the Realty Buyer; (d) scheduling a final sale hearing (the "Sale Hearing") to consider entry of an order approving the sale of the Real Property, and approving the form and manner of notice of the Sale Hearing (the "Sale Notice"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other notice need be provided; and a hearing on the procedural relief requested in the Motion having been held before the Court (the "Bid Procedures Hearing"); and upon the record of the Bid Procedures Hearing; and such relief being in the best interest of the Debtor, its estate and creditors; and any objections to the procedural relief requested in the Motion having been resolved, withdrawn or otherwise overruled by this Court; and after due deliberation, and sufficient cause appearing therefor,

## IT IS HEREBY FOUND AND DETERMINED THAT:

A.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), and this matter is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(A) and (N) and (O). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.      The Debtor has articulated good and sufficient reasons for, and the best interests of its estate will be served by, this Court granting the procedural relief requested in the Motion, including approval of:  (i) the Bidding Procedures; and (ii) the form and manner of notice of the Auction and Sale.

C.      The proposed notice of the sale of the Real Property and the Bidding Procedures, as set forth in the Motion, is good, appropriate, adequate and sufficient, and is reasonably calculated to provide all interested parties with timely and proper notice of the Sale and the Bidding Procedures, and no other or further notice is required for the sale of the Real Property to the Successful Bidder.

D.      The Debtor has articulated good and sufficient reasons for, and the best interests of its estate will be served by, this Court scheduling a subsequent Sale Hearing to consider granting other relief requested in the Motion, including approval of the sale of the Real Property to the Successful Bidder free and clear of all liens, claims, interests and encumbrances pursuant to section 363(f) of the Bankruptcy Code.

## ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1.      The procedural relief requested in the Motion is approved to the extent provided herein.

2.      The Bidding Procedures, in a form substantially similar to the procedures attached hereto as **Exhibit 1**, are approved in all respects.  The Debtor is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

{M0433387.1}

3.     The form of the Sale Notice, in a form substantially similar to the notice attached hereto as **Exhibit 2,** is approved.  Service of the Sale Notice in accordance with the Motion shall be deemed appropriate, adequate and sufficient, and reasonably calculated to provide all interested parties with timely and proper notice of the Sale and the Bidding Procedures, and no other or further notice shall be required for the sale of the Real Property to the Successful Bidder.

4.     If bids are submitted in accordance with the Bidding Procedures, the Auction shall be held at **10:00 a.m. (Eastern Time) on May _____, 2011,** at the United States Bankruptcy Court, Northern District of New York, James T. Foley U.S. Courthouse, Broadway, 3rd Floor, Albany, New York 12207 or such other place as the Debtor may designate at least one (1) day prior to the Auction.

5.     Each Qualified Bidder at the Auction will be required to confirm that it has not engaged in any collusion with respect to its bidding on the Real Property.

6.     The Auction will be conducted openly and all creditors of the Debtors are permitted to attend.

7.     Bidding at the Auction may be transcribed by a court reporter.

8.     The Sale Hearing to consider approval of the Debtors' entry into and consummation of a transaction with a Successful Bidder shall be held on **May _____, 2011 at 10:30 a.m. (Eastern Time),** unless rescheduled to a later date in accordance with the Bidding Procedures.

9.     Objections to the sale of the Real Property to the Successful Bidder shall be in writing, shall state the basis of such objection with specificity and shall be filed with the

Court, and served so as to be received on or before **May \_\_, 2011 at 5:00 p.m. (Eastern Time)** on: (i) counsel to the Debtor, McNamee, Lochner, Titus & Williams, P.C., 677 Broadway, Albany, New York 12207 (Attn: Peter A. Pastore, Esq.); (ii) counsel to People's Bank (Cooper Erving & Savage LLP, 39 North Pearl Street, Albany, New York 12207 (Attn: Michael A. Kornstein, Esq.); (iii) counsel to the Committee, if any; (iv) the Office of the United States Trustee, 74 Chapel Street, Albany, New York 12207 (Attn: Kevin J. Purcell, Esq.); (v) counsel to the Realty Buyer, Nolan & Heller, LLP, 39 North Pearl Street, Albany, New York 12207 (Attn: Justin J. Heller, Esq.), and (vi) counsel to the Business Buyer, Norris, McLaughlin & Marcus, P.A., 721 Route 202-206, Suite 200 (P.O. Box 5933), Bridgewater, New Jersey 08807 (Attn: Mo Bauer, Esq.)

10.     Copies of this Order and all pleadings submitted in support of the Motion shall be served via overnight delivery on the day hereof upon the following parties: (a) the Office of the United States Trustee for the Northern District of New York; (b) counsel to People's Bank; (c) counsel for the Committee, if any; (d) all parties that have filed a notice of appearance; (e) the Internal Revenue Service and the Division of Taxation for New York State; and (g) all parties the Debtor believes may be interested in bidding on the Real Property. Such service shall constitute good and sufficient notice of the Motion under applicable Federal and Local Rules of Bankruptcy Procedure and under the circumstances set forth in the Motion and the related documents and evidence presented at the hearing on the Bidding Procedures Motion. A copy of the Notice annexed as **Exhibit "2"** hereto shall be served by U.S. mail on all known creditors of the Debtor within one (1) day after entry of this Order.

11. Notwithstanding the possible applicability of Federal Rule of Bankruptcy Procedure 6004(h) and 6006(d), this Order shall not be stayed for 10 days after the entry hereof and shall be effective immediately upon signature hereof.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: May ___, 2011
Albany, New York

_____
THE HONORABLE ROBERT E. LITTLEFIELD, JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE