**SO ORDERED.**

**SIGNED this 06 day of May, 2011.**

_____
ROBERT E. LITTLEFIELD, JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____
In re:                                              Case No. 11-11434

    Eagle Bridge Machine & Tool, Inc.,          Chapter 11

        Debtor.
_____

**INTERIM ORDER (I) AUTHORIZING CONTINUED
USE OF CASH COLLATERAL, (II) PROVIDING ADEQUATE
PROTECTION FOR SECURED CREDITOR PEOPLE'S BANK
AND (III) GRANTING CERTAIN RELATED RELIEF**

TO:    HONORABLE ROBERT E. LITTLEFIELD, JR.
        CHIEF U.S. BANKRUPTCY JUDGE

Upon consideration of the motion (the "Motion") of the debtor-in-possession for entry of an interim order pursuant to section 105(a), 363(b), 363(c), and Bankruptcy Rule 4001, (i) authorizing EBM's continued use of cash collateral subject to the secured claim of People's United Bank ("People's Bank") in accordance with EBM's prepetition practices, (ii) providing People's Bank with a fully perfected roll-over lien on all cash collateral generated by EBM, (iii) authorizing EBM to establish its debtor-in-possession accounts with People's Bank and (iv) establishing a date for a Final Hearing; and upon consideration of the Declaration of John E.

{M0430266.1}

Soron in Support of the Chapter 11 Petition and First Day Motions (the "First Day Declarations"); and the Court finding that: (a) its has jurisdiction over the issues raised in the Motion pursuant to 28 U.S.C. §1334(b); (b) this is a core proceeding pursuant to 28 U.S.C. §157(b)(2); (c) venue of the Debtor's case and the Motion is proper pursuant to 28 U.S.C. §1408 and 1409; (d) the relief requested in the Motion is in the best interests of the Debtor, its estate and its creditors; (e) proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; and (f) good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion, the First Day Declarations and all the proceedings had before the Court in connection with the Motion. Therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion shall be, and hereby is, GRANTED on an interim basis on the terms set forth herein, subject to becoming a Final Order.

2. The provisions of this interim order (the "Interim Order") shall be and hereby are effective, *nunc pro tunc*, to the date of the commencement of Debtor's chapter 11 case (the "Petition Date").

3. The Debtor shall be, and hereby is, authorized to continue to use and manage its cash pursuant to the cash collateral agreement attached to the Motion and is hereby incorporated herein by a copy thereof attached hereto.

4. As adequate protection for Debtor's use of cash collateral, People's Bank shall be, and hereby is, granted a roll over lien and security interest in all post-petition cash collateral and all other assets of the Debtor received after the Petition Date of the kind and nature specified in the security agreements executed by Debtor in favor of People's Bank prepetition. However, Debtor shall be authorized to pay the United States Trustee's fees free and clear of the security interest of People's Bank in cash collateral.

5. Debtor shall be, and hereby is, authorized to terminate its Purchase and Sale Agreement with Amerisource Funding, Inc. and any UCC-1 Financing Statements filed in connection therewith.

6. Debtor shall be, and hereby is, authorized to continue with its bank accounts at People's Bank and shall designate same as debtor-in-possession accounts.

7. The final hearing on the Motion (the "Final Hearing") shall be on May 31, 2011 at 10:00 a.m. or as soon thereafter as counsel may be heard.

8. Within five (5) business days after the entry of this Interim Order on the Court's docket, the Debtor shall serve a copy of the Motion and this Interim Order upon (a) the Office of the United States Trustee; (b) counsel to People's Bank; (c) Amerisource Funding, Inc.; (d) the creditors holding the twenty (20) largest unsecured claims against the Debtor's estate as identified in the Debtor's chapter 11 petition; and (e) all parties that have filed a notice of appearance or have requested service in this chapter 11 case. Service of this Interim Order with a copy of the Motion as provided herein shall be deemed good and sufficient service of the Motion and the Final Hearing.

9. Any responses or objections to granting the relief requested in the Motion on a final basis shall be filed with the Clerk of the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system and, by all other parties by mail and served so that they are received no later than seven (7) business days prior to the Final Hearing (the "Objection Deadline") (with a courtesy copy delivered directly to the Chambers of the Honorable Robert E. Littlefield, Jr., United States Bankruptcy Court, John T. Foley Courthouse, Albany, New York 12207): by (i) attorneys for the Debtor, McNamee, Lochner, Titus & Williams, P.C., 677 Broadway, Albany, New York 12207, Attn: Peter A. Pastore, Esq.,; (ii) the Office of the United States Trustee for the Northern District of New York, 74 Chapel Street, Suite 200, Albany, New York 12207; (iii) counsel for People's Bank, Cooper, Erving & Savage LLP, 39 North Pearl Street, Albany, New York 12207, Attn: Michael Kornstein, Esq.; and (iv) counsel for

the statutory committee of unsecured creditors, if appointed, so as to be actually received by the Objection Deadline.

10. Nothing in this Interim Order shall preclude a party in interest from challenging the security interests of People's Bank.

**###**