RECEIVED & FILED

MAY 11 2011

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In re:                                                Chapter 11

    EAGLE BRIDGE MACHINE & TOOL, INC.,        Case No. 11-11434

                  Debtor.

---

**ORDER: (1) APPROVING FORM OF "STALKING HORSE" ASSET PURCHASE AGREEMENT WITH STRATO TRANSIT COMPONENTS, LLC FOR THE SALE OF SUBSTANTIALLY ALL ASSETS OF DEBTOR; (2) APPROVING BIDDING PROCEDURES AND FORM, MANNER AND SUFFICIENCY OF NOTICE; (3) SCHEDULING (a) AN AUCTION SALE AND (b) A HEARING TO CONSIDER APPROVING THE HIGHEST AND BEST OFFER; AND (4) GRANTING RELATED RELIEF**

{M0435501.1}

Upon the motion, dated May 4, 2011 (the "Motion")[1] of Eagle Bridge Machine & Tool, Inc., the debtor and debtor-in-possession in the above-captioned bankruptcy case (the "Debtor"), pursuant to sections 105(a), 363 and 365 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of (I) a procedures order (the "Bidding Procedures Order"), inter alia, (a) approving certain bidding procedures (the "Bidding Procedures") and scheduling a competitive auction (the "Auction") in connection with the sale of substantially all assets of Debtor excluding the Debtor's ownership interest in real estate known as 135 State Route 67, Eagle Bridge, New York, Debtor's leasehold interest in real estate known as 155 State Route 67, Eagle Bridge, New York and the Excluded Assets, as that term is defined in the Asset Purchase Agreement ("APA") (the "Assets"); (b) authorizing the Debtor to enter into the APA with Strato Transit Components, LLC ("Strato" or the "Stalking Horse Bidder") in connection therewith; (c) authorizing the Debtor to offer certain bid protections to the Stalking Horse Bidder; (d) scheduling a final sale hearing (the "Sale Hearing") to consider entry of an order approving the sale of the Assets, and approving the form and manner of notice of the Sale Hearing (the "Sale Notice"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other notice need be provided; and a hearing on

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

the procedural relief requested in the Motion having been held before the Court (the "Bid Procedures Hearing"); and upon the record of the Bid Procedures Hearing; and such relief being in the best interest of the Debtor, its estate and creditors; and any objections to the procedural relief requested in the Motion having been resolved, withdrawn or otherwise overruled by this Court; and after due deliberation, and sufficient cause appearing therefor,

## IT IS HEREBY FOUND AND DETERMINED THAT:

A. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N) and (O). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The Debtor has articulated good and sufficient reasons for, and the best interests of its estate will be served by, this Court granting the procedural relief requested in the Motion, including approval of: (i) the Bidding Procedures; (ii) the Debtor's offer to the Stalking Horse Bidder of an Expense Reimbursement/Break-Up fee of $60,000.00 (the "Expense Reimbursement"); and (iii) the form and manner of notice of the Auction and Sale.

C. The proposed notice of the sale of the Assets and the Bidding Procedures, as set forth in the Motion, is good, appropriate, adequate and sufficient, and is reasonably calculated to provide all interested parties with timely and proper notice of the Sale and the Bidding Procedures, and no other or further notice is required for the sale of the Assets to the Successful Bidder.

D.  The Debtor has articulated good and sufficient reasons for, and the best interests of its estate will be served by, this Court scheduling a subsequent Sale Hearing to consider granting other relief requested in the Motion, including approval of the sale of the Assets to the Successful Bidder free and clear of all liens, claims, interests and encumbrances pursuant to section 363(f) of the Bankruptcy Code.

E.  Authorizing the Debtor to offer the Expense Reimbursement to induce bids at the Auction represents a sound exercise of the Debtor's business judgment and will allow the Debtor to maximize the value of its assets.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1.  The procedural relief requested in the Motion is approved to the extent provided herein.

2.  The Bidding Procedures, in a form substantially similar to the procedures attached hereto as **Exhibit 1**, are approved in all respects. The Debtor is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

3.  Allowance and payment of the Expense Reimbursement under the circumstances set forth and in accordance with the terms of the APA is approved, and the Stalking Horse Bidder shall be entitled to the Expense Reimbursement to the extent set forth in the APA.

4.  If payment of the Expense Reimbursement, or the Stalking Horse Bidder's entitlement to return of the Deposit, is triggered under the terms of the APA, the Debtor is authorized, without further order of this Court, to (i) pay to the Stalking Horse Bidder the Expense Reimbursement in the manner and upon the terms set forth in the APA, and (ii)

release the Deposit to the Stalking Horse Bidder. If earned pursuant to the terms of the APA, the Expense Reimbursement shall constitute an allowed administrative expense claim arising in this chapter 11 case under sections 503(b) and 507(a)(2) of the Bankruptcy Code.

5. The Sale Notice attached hereto as **Exhibit 2,** has been approved and served in accordance with the Motion. Service of the Sale Notice in accordance with the Motion shall be deemed appropriate, adequate and sufficient, and reasonably calculated to provide all interested parties with timely and proper notice of the Sale and the Bidding Procedures, and no other or further notice shall be required for the sale of the Assets to the Successful Bidder.

6. If bids are submitted in accordance with the Bidding Procedures, the Auction shall be held at **10:00 a.m. (Eastern Time) on May 31, 2011,** at the United States Bankruptcy Court, Northern District of New York, James T. Foley U.S. Courthouse, Broadway, 3rd Floor, Albany, New York 12207 or such other place as the Debtor may designate at least one (1) day prior to the Auction.

7. Each Qualified Bidder at the Auction will be required to confirm that it has not engaged in any collusion with respect to its bidding on the Assets.

8. The Auction will be conducted openly and all creditors of the Debtors are permitted to attend.

9. Bidding at the Auction may be transcribed by a court reporter.

10. The Sale Hearing to consider approval of the Debtors' entry into and consummation of a transaction with a Successful Bidder shall be held on **May 31, 2011 at**

{M0435501.1}

**10:00 a.m. (Eastern Time),** unless rescheduled to a later date in accordance with the Bidding Procedures.

11. Objections to the sale of the Assets to the Successful Bidder shall be in writing, shall state the basis of such objection with specificity and shall be filed with the Court, and served so as to be received on or before **May 31, 2011 at 10:00 a.m. (Eastern Time)** on: (i) counsel to the Debtor, McNamee, Lochner, Titus & Williams, P.C., 677 Broadway, Albany, New York 12207 (Attn: Peter A. Pastore, Esq.); (ii) counsel to People's Bank (Cooper Erving & Savage LLP, 39 North Pearl Street, Albany, New York 12207 (Attn: Michael A. Kornstein, Esq.); (iii) counsel to the Committee, if any; (iv) the Office of the United States Trustee, 74 Chapel Street, Albany, New York 12207 (Attn: Kevin J. Purcell, Esq.); and (v) counsel to Strato: Norris, McLaughlin & Marcus, P.A., 721 Route 202-206, Suite 200 (P.O. Box 5933), Bridgewater, New Jersey 08807 (Attn: Mo Bauer, Esq.); Deily, Mooney and Glastetter, LLP, 8 Thurlow Terrace, Albany, New York 12203 (Attn: Joann Steinheimer, Esq.).

12. Copies of this Order and all pleadings submitted in support of the Motion shall be served via overnight delivery on the day hereof upon the following parties: (a) the Office of the United States Trustee for the Northern District of New York; (b) counsel to People's Bank; (c) counsel for the Committee, if any; (d) all parties that have filed a notice of appearance; (e) the Internal Revenue Service and the Division of Taxation for New York State; and (f) all parties the Debtor believes may be interested in bidding on the Assets. Such service shall constitute good and sufficient notice of the Motion under applicable Federal and Local Rules of Bankruptcy Procedure and under the circumstances set forth in

the Motion and the related documents and evidence presented at the hearing on the Bidding Procedures Motion. A copy of the Order shall be served by U.S. mail on all known creditors of the Debtor within one (1) day after entry of this Order.

13. Notwithstanding the possible applicability of Federal Rule of Bankruptcy Procedure 6004(h) and 6006(d), this Order shall not be stayed for 10 days after the entry hereof and shall be effective immediately upon signature hereof.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: May 10, 2011
Albany, New York

MAY 1 1 2011

_____
THE HONORABLE ROBERT E. LITTLEFIELD, JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS

By motion dated May 4, 2011 (the "Motion") Eagle Bridge Machine & Tool, Inc., the debtor and debtor-in-possession in the above-captioned bankruptcy case (the "Debtor"), sought, among other things, approval of the process and procedures through which it will seek proposals for the purchase of all of its assets, excluding its real estate and certain excluded assets (the "Assets").

On May 10, 2011, the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") entered an order (the "Bidding Procedures Order"), which, among other things, authorized and directed the Debtor to market the Assets and solicit bids for same using the bidding procedures below (the "Bidding Procedures").

### A. Due Diligence

The Debtor will afford any party interested in purchasing the Assets such due diligence access or additional information as may be reasonably requested by such party that Debtor in its business judgment, determines to be reasonable and appropriate. Debtor will designate an employee or other representative to coordinate all reasonable requests for additional information and due diligence access from such potential bidders. Notwithstanding anything contained herein to the contrary, Debtor will decide what, if any, diligence information to make available to a particular potential bidder in its business judgment and in consultation with People's Bank and any Official Committee of Unsecured Creditors (the "Committee"), and the Office of the United States Trustee.

**Interested parties requesting information about the qualification process or due diligence should contact McNamee, Lochner, Titus & Williams, P.C., Attn: Peter A. Pastore, Esq., 677 Broadway, 5th Floor, Albany, New York 12207.**

### B. Bid Requirements

1. **Delivery of Bids.** No later than **5:00 p.m. (Eastern Time) on May 25, 2011,** (such date or the date of the last extension as provided below, the "Bid Deadline"), each potential bidder interested in participating in the bidding process must deliver copies of its bid and the supporting materials described below to (collectively, the "Notice Parties"):

{M0435501.1}

| COUNSEL FOR THE DEBTOR: | COUNSEL FOR PEOPLE'S BANK: |
|---|---|
| McNamee, Lochner, Titus<br>& Williams, P.C.<br>Attn: Peter A. Pastore, Esq.<br>677 Broadway, 5th Floor<br>Albany, New York 12207 | Cooper Erving & Savage LLP<br>Attn: Michael A. Kornstein, Esq.<br>39 North Pearl Street<br>Albany, New York 12207 |
| **COUNSEL FOR STRATO:** | **OFFICE OF THE U.S. TRUSTEE** |
| Norris McLaughlin & Marcus, P.A.<br>Attn: Mo Bauer, Esq.<br>721 Route 202-206, Suite 200<br>P.O. Box 5933<br>Bridgewater, New Jersey 08807-5933 | Kevin J. Purcell, Esq.<br>74 Chapel Street<br>Albany, New York 12207 |

**COUNSEL FOR THE COMMITTEE:**

2. **Form and Content of Bid.** A bid is a signed letter from a Qualified Bidder (hereinafter defined) stating that:

    a.     The Qualified Bidder offers to purchase the Assets; and

    b.     The Qualified Bidder's offer is not subject to any due diligence or financing contingency and is irrevocable until two (2) business days after the closing of the sale of the Assets, whether or not to such Qualified Bidder.

3. **Required Supporting Materials.** A Qualified Bidder shall accompany its bid with:

    a.     A clean and blacklined version of the APA attached to the Motion as **Exhibit B** and available upon request, marked solely to indicate:

        (i)     the proposed purchaser's name; and

        (ii)     an increase in the purchase price set forth in the APA of not less than $70,000; and

b.  Written evidence of a commitment for financing or other evidence of ability to consummate the transaction (such as a current audited financial statement or copies of a bidder's bank account statement for each of the three months preceding the auction for the Assets (the "Auction")), and such other evidence of ability to consummate the transaction as the Debtor may reasonably request.

4.  **Required Good Faith Deposit.** By the Bid Deadline, a bidder must provide a good faith deposit (the "Good Faith Deposit") equal to ten percent (10%) of such bidder's purchase price unless waived by the Debtor in its sole discretion. The Good Faith Deposit must be made by wire transfer to Debtor's counsel using the information below:

WIRE TRANSFER FUNDS TO:
1. Account Name: McNamee, Lochner, Titus & Williams, P.C. – Escrow Account
2. The aba/transit #: 021300912
3. Bank Name: Trustco Bank
4. Account #: 30600206

5.  **Qualified Bid.** A Bid received from a bidder that meets the requirements above is considered a "Qualified Bid" and a party that has delivered such materials shall be a "Qualified Bidder."

**THE DEBTOR RESERVES THE RIGHT, IN ITS DISCRETION AFTER CONSULTATION WITH PEOPLE'S BANK AND THE COMMITTEE, IF ANY, TO WAIVE NONCOMPLIANCE WITH ANY ONE OR MORE OF THESE REQUIREMENTS AND DEEM ANY BID TO BE A QUALIFIED BID.**

C.  **Conduct and Termination of Bidding Process**

The Debtor will, in its reasonable discretion after consultation with People's Bank and the Committee, if any: (i) determine whether any potential bidder satisfies the requirements specified above to become a Qualified Bidder; (ii) coordinate the efforts of Qualified Bidders in conducting their respective due diligence investigations regarding the Assets; (iii) determine whether to remove the Assets from the sale process under these Bidding Procedures; (iv) evaluate bids from bidders and determine whether any such bid is a Qualified Bid; (v) negotiate any bid made to purchase the Assets and negotiate any related transaction issues; and (vi) make such other determinations as are provided in these Bidding Procedures.

### D. Auction Participation – Qualified Participants and Baseline Bid

Unless otherwise ordered by the Bankruptcy Court for cause shown, only a Qualified Bidder that has submitted a Qualified Bid is eligible to participate at the Auction. The Debtor will select, in its reasonable discretion after consultation with the Committee, if any, and People's Bank, the highest or otherwise best bid (the "Baseline Bid") to serve as the starting point for the Auction.

### E. The Auction

6. **Time and Place.** If Qualified Bids are received by the Bid Deadline, the Auction will be conducted at **10:00 a.m. (Eastern Time) on May 31, 2011** at the offices of the United States Bankruptcy Court, James F. Foley U.S. Courthouse, Broadway, 3rd Floor, Albany, New York 12207, or such other place as the Debtor may designate at least one (1) day prior to the Auction.

Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale.

7. **Competitive Bidding.** At the Auction, participants will be permitted to increase their bids and will be permitted to bid based only upon the terms of the Baseline Bid (except to the extent otherwise authorized by the Debtor). The bidding will start at the purchase price and terms proposed in the Baseline Bid, and continue in increments of at least $10,000 in cash or such other increment announced by the Debtor, in consultation with People's Bank and the Committee, if any, during the Auction. The Debtor will, from time to time, in an open forum, advise Qualified Bidders participating in the Auction of their determination as to the terms of the then highest or otherwise best bid. For purposes of comparing any bids by Strato at the Auction that are higher than the bid set forth in the APA (a "Higher Strato Bid") against any other bids that are made by a Qualified Bidder (other than Strato) pursuant to these Bidding Procedures, each Higher Strato Bid shall include the amount of the Expense Reimbursement Fee, and in the event that a Higher Strato Bid is the Successful Bid at the Auction, the purchase price amount finally payable by Strato in respect of the Successful Bid will be reduced by such amount of the Expense Reimbursement Fee.

8. **Evaluation of Qualified Bids.** For the purpose of determining the Baseline Bid and whether a Qualified Bid submitted at the Auction is higher or otherwise better, the Qualified Bid will be valued based upon factors such as: (a) the purported amount of the Qualified Bid; (b) the fair value to be provided to the Debtor under the Qualified Bid; (c) the risks associated with any non-cash or non-guaranteed consideration in any Qualified Bid; (d) the ability to consummate any proposed sale transaction; and (e) any other factors that the Debtor, in consultation with People's Bank and the Committee, if any, may deem relevant. Upon the submission of any bid at the Auction, the Debtor, after consultation with the People's

{M0435501.1}

Bank and the Committee, if any, shall announce to all participants whether the bid submitted is higher or otherwise better than the previously submitted bid and the basis for that determination.

9. **Designation of Successful Bidder.** Immediately prior to the conclusion of any Auction, the Debtor, after consultation with its financial and legal advisors, People's Bank and the Committee, if any, will: (a) review each bid made at the Auction on the basis of financial and contractual terms and such factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the proposed sale; (b) in its discretion, identify the highest or best bid for the Assets at the Auction (the "Successful Bid"); and (c) notify all Qualified Bidders participating in the Auction, prior to its adjournment, of the name or names of the Qualified Bidder(s) making the Successful Bid for the Assets (the "Successful Bidder"), and the amount and other material terms of the Successful Bid. At the closing of the transaction contemplated by the Successful Bid, the Successful Bidder will be entitled to a credit for the amount of its Good Faith Deposit. Absent irregularities occurring in the course of the Auction, no further bids will be accepted after the close of the Auction.

10. **Presentation of Successful Bids to the Bankruptcy Court.** At the Sale Hearing, the Debtor will present the Successful Bid to the Bankruptcy Court for approval.

### F. Acceptance of Qualified Bids

The Debtor presently intends to sell the Assets to the Qualified Bidder(s) that submit(s) the highest and/or best bid(s). The Debtor's presentation to the Bankruptcy Court for approval of any Successful Bid does not constitute the Debtor's acceptance of such bid. The Debtor will be deemed to have accepted a bid only when it has been approved by the Bankruptcy Court at the Sale Hearing.

### G. Return of Good Faith Deposit

The Good Faith Deposit of a Qualified Bidder shall be returned within three (3) business days of the closing of a sale transaction for the Assets. If the Successful Bidder does not close the approved sale, the Debtor will have the right to present any other bid, whether made prior to or at the Auction, to the Bankruptcy Court for approval.

### H. Modifications

The Debtor, in consultation with People's Bank and the Committee, if any, may: (1) determine, in its business judgment, which bid or bids, if any, constitute the highest or otherwise best offer for the Assets; and (2) reject, at any time before entry of an order of the Bankruptcy Court approving any bid as the Successful Bid, any bid that, in the Debtor's sole discretion, is (a) inadequate or insufficient; (b) not in conformity with the requirements of the Bankruptcy Code or the Bidding

Procedures; or (c) contrary to the best interests of the Debtor and its estate and creditors. The Debtor may extend or alter any deadline contained herein that will better promote the maximization of its estate.

The Debtor may adopt rules for the bidding process at the Auction that, in its discretion after consultation with the Committee, will best promote the goals of the bidding process and are not inconsistent with any of the provisions of the Bidding Procedures described herein.

### I. The Sale Hearing

The Sale Hearing is scheduled to be conducted on **May 31, 2011 at 10:00 a.m. (Eastern Time).** If any Successful Bidder is selected by the Debtor, in its discretion after consultation with People's Bank and the Committee, if any, the Debtor will seek the entry of an order from the Bankruptcy Court at the Sale Hearing approving and authorizing the proposed sale to the Successful Bidder on the terms and conditions of the Successful Bid.

EXHIBIT 2

{M0435501.1}

## AUCTION AND HEARING NOTICE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In re:                                              Chapter 11

    EAGLE BRIDGE MACHINE & TOOL, INC.,          Case No. 11-11434

    Debtor.

---

### NOTICE OF HEARING TO APPROVE THE SALE OF SUBSTANTIALLY ALL ASSETS OF DEBTOR

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. By motion dated May 4, 2011 (the "Sale Motion") Eagle Bridge Machine & Tool, Inc., the debtor and debtor-in-possession in the above-captioned bankruptcy case (the "Debtor"), sought, among other things, approval of the process and procedures through which it will seek proposals for the purchase of its assets excluding the Debtor's ownership interest in real estate known as 135 State Road 67, Eagle Bridge, New York, Debtor's leasehold interest in real estate known as 155 State Road 67, Eagle Bridge, New York and the Excluded Assets, as that term is defined in the Asset Purchase Agreement ("APA") (the "Assets").

2. In the Sale Motion, the Debtor requested that the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") enter an order (the "Bidding Procedures Order") approving auction and sale procedures (the "Bidding Procedures")[1] for the Assets.

3. The Sale Motion also requests that the Assets be sold free and clear of all liens, claims and encumbrances thereon, with such interests in the Assets to be transferred, and attach, to the sale proceeds. Also, the proposed Bidding Procedures contain certain bidding protections that will be provided to the Stalking Horse Bidder.

---

[1] Capitalized terms not otherwise defined herein have the meaning given to them in the proposed Bidding Procedures Order or the Bidding Procedures.

{M0434307.1}

4. The following key dates in connection with the sale of the Assets have been scheduled:[2]

| Event | Date |
|---|---|
| Bidding Procedures Objection Deadline | May 10, 2011 at 10:00 a.m. (ET) |
| Bidding Procedures Hearing | May 10, 2011 at 1:30 p.m. (ET) |
| Bid Deadline | May 25, 2011 at 5:00 p.m. (ET) |
| Auction | May 31, 2011 at 10:00 a.m. (ET) |
| Sale Objection Deadline | May 31, 2011 at 10:00 a.m. (ET) |
| Sale Hearing | May 31, 2011 at 10:00 a.m. (ET) |

**THESE DATES ARE SUBJECT TO CHANGE BY THE BANKRUPTCY COURT. ALL PARTIES ARE ENCOURAGED TO FREQUENTLY CHECK THE BANKRUPTCY COURT DOCKET FOR CHANGES TO THESE DATES.**

5. Objections to the proposed sale of the Assets must (a) be in writing, (b) state the basis of such objection with specificity, (c) be served upon: (i) counsel to the Debtor, McNamee, Lochner, Titus & Williams, P.C., 677 Broadway, Albany, New York 12207 (attn: Peter A. Pastore, Esq.); (ii) counsel to People's Bank, (iii) counsel to the Committee, if any; (iv) counsel to Strato, Norris McLaughlin & Marcus, P.A., 721 Route 202-206, Suite 200, Bridgewater, New Jersey 08807 (Attn: Mo Bauer, Esq.) and (v) the Office of the United States Trustee, 74 Chapel Street, Albany, New York 12207 (Attn: Kevin J. Purcell, Esq.) by **May 31, 2011 at 10:00 a.m.**

Dated: May 5, 2011
Albany, New York

Respectfully submitted,

Peter A. Pastore, Esq.
McNamee, Lochner, Titus & Williams, P.C.
*Attorneys for the Debtor & Debtor-in-Possession*
677 Broadway
Albany, New York 12207
Tel. No. 518-447-3200, Fax No. 518-426-4260

---

[2] A copy of the Sale Motion, proposed Bidding Procedures Order and the proposed Bidding Procedures may be obtained by written request to counsel to the Debtor, McNamee, Lochner, Titus & Williams, P.C., 677 Broadway, 5th Floor, Albany, New York 12207 (Attn: Peter A. Pastore, Esq.).